Case 1:20-cv-00040 Document 23 Filed on 04/06/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DE JESUS VALERIO, ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-00040 |
| | § | |
| NORMA LIMON, ET AL., | § | |
|     Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the following pleadings: "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 16), Maria de Jesus Valerio, et al.'s ("Plaintiffs") "Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief" ("Complaint") (Dkt. No. 9), Norma Limon, et al.'s ("Defendants") "Defendants' Motion to Dismiss First Amended Complaint for Want of Subject Matter Jurisdiction" ("MTD") (Dkt. No. 10), "Plaintiffs' Opposition to Motion to Dismiss First Amended Complaint for Declaratory and Injunctive Relief" (Dkt. No. 11), Defendants' "Objections to Report and Recommendation" ("Objections") (Dkt. No. 17), and Plaintiffs' "Plaintiff's Reply to Defendants' Objections to the Report and Recommendation of the U.S. Magistrate Judge" ("Reply") (Dkt. No. 22). After a de novo review of the record, the R&R is **ADOPTED**. Thus, Defendants' MTD (Dkt. No. 10) is **DENIED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are the children of Carlos Valerio, born in Texas in 1922, and Lidia Reyna, born in 1928. Dkt. No. 9 at 4. A county judge ordered a delayed Texas Birth Certificate be registered to Lidia Reyna in 1956, and in 1963, a U.S. Immigration and Naturalization Service ("INS") investigation concluded she was born in Texas. *Id.* at 4, 6. INS then issued certificates of citizenship ("COC") to Plaintiffs Maria De Jesus ("MDJV"), Maria Del Pilar ("MDVP"), Maria Del Carmen ("MDCV"), Rosalinda ("RV"), and Alberto Valerio ("AV"). *Id.* at 9. In 2006, the U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff Santiago Valerio's ("SV") application for a COC, and in 2016 denied a motion to reopen the denial concluding that his mother Lidia Reyna was not born in the U.S. *Id.*

Plaintiffs MDPV, MDJV, MDCV, AV, and RV received letters between 2019 and 2020 from USCIS stating their COCs had been cancelled. *Id.* at 10.

1

Plaintiffs' Complaint seeks (1) a declaratory judgment that Plaintiffs are U.S. citizens under the Administrative Procedure Act ("APA") and Declaratory Judgment Act ("DJA"), *see* 5 U.S.C. § 702 et seq.; 28 U.S.C. § 1331; *Id.* § 2201; and, (2) a permanent injunction preventing USCIS and the Department of State from failing to reissue their certificates of citizenship and U.S. passports.[1] Dkt. No. 9 at 11, 14.

Defendants' MTD argues that this Court lacks jurisdiction to hear Plaintiffs' APA claim because there has not been a waiver of sovereign immunity, an adequate remedy exists under 8 U.S.C. § 1503(a), and Plaintiffs have not pursued administrative remedies. Dkt. No. 10 at 3-7. Defendants also argue Plaintiffs may not obtain injunctive relief under the APA. *Id.* at 7- 8.

The Magistrate's R&R recommends denying Defendant's MTD. Dkt. No. 16. Defendant objected to the R&R, Dkt. No. 17, and Plaintiff replied, Dkt. No. 22.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party may challenge a district court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The party asserting jurisdiction bears the burden to prove the district court has jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion, courts must "accept all factual allegations in the plaintiff's complaint as true." *Den Norske Stats Oljeselkap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

## III. DISCUSSION

### a. This Court Has Jurisdiction over Plaintiffs' APA Claim

The APA provides subject matter jurisdiction to federal courts over agency actions for which there is no other adequate remedy, and which are final. 5 U.S.C. § 704. Since Plaintiffs' APA claims stem from final agency actions without adequate alternative remedies, this Court has subject matter jurisdiction over them.

i. No Adequate Alternative Remedy Exists for Plaintiffs' Claims

---

[1] Whether Plaintiffs intend to state a claim under the APA in relation to the revocations of MDJV's and MDPV's passports is not clear, since Plaintiffs do not name the Department of State as a defendant. Dkt. No. 9. Defendants did not move to dismiss this claim, Dkt. No. 10, and this Court will not evaluate sua sponte whether dismissal is appropriate at this stage. *Anokwuru v. City of Hous.*, No. 20-20295, 2021 U.S. App. LEXIS 7619, at *19 (5th Cir. Mar. 16, 2021) (sua sponte dismissal requires notice, unless "plaintiff has alleged his best case").

2

An alternative remedy must provide the "same genre of relief" as the APA. *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018) (internal citations omitted). Although 8 U.S.C. § 1503(a) could provide an adequate alternative remedy to APA review, a court must engage in a case-specific evaluation. *Id.*

If Plaintiffs pursued relief under 8 U.S.C. § 1503(a), they would have the burden of proving their citizenship by a preponderance of the evidence in a de novo trial. *Martinez Reyes v. Neelly*, 264 F.2d 673, 678-79 (5th Cir. 1959). The decisions regarding Plaintiffs' COCs stated their mother, Lidia Reyna, was not a U.S. citizen because she was not born in the U.S. Dkt. No. 2-1 at 87 (denial of SV's Motion to Reopen); *see also id.* at 94 (cancellation of MDJV's COC); *id.* at 98 (same, MDPV); *id.* at 102 (same, AV); *id.* at 104 (same, MDCV); *id.* at 106 (same, RV). If Plaintiffs proceeded with § 1503(a), they would have to prove the circumstances of their deceased mother's birth in 1928, nearly a century ago. *See* Dkt. No. 9 at 4. This would represent an "extreme burden," and a situation § 1503(a) was "not specifically intended to address."[2] *Hinojosa*, 896 F.3d at 313 (distinguishing from *Rusk v. Cort*, 369 U.S. 367 (1962) and finding § 1503(b)-(c) procedures adequate since they did not place an extreme burden on plaintiffs, thus foreclosing APA relief). Since § 1503(a) is not an adequate remedy, Plaintiffs may proceed under the APA.

ii. The Agency Actions are Final, and Exhaustion is Not Required

The APA requires finality before an administrative decision is subject to judicial review, but does not require exhaustion of agency appeals, unless an agency rule or statute requires it. 5 U.S.C. § 704; *Darby v. Cisneros*, 509 U.S. 137, 154 (1993). "It is important to distinguish the doctrines of finality and exhaustion." *Geyen v. Marsh*, 775 F.2d 1303, 1308 n.6 (5th Cir. 1985) (finding the military's refusal to grant plaintiff a hardship discharge was final because it imposed obligations on him, but could not be reviewed since the Fifth Circuit requires exhaustion of administrative remedies before reviewing military action and the plaintiff had not done so).

For an administrative decision to be final, it must (1) "mark the consummation of the agency's decision making process," and, (2) be a decision "by which rights or obligations have been determined, or from which legal consequences will flow." *United States Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016). USCIS' decisions regarding Plaintiffs' COC

---

[2] The difference between a de novo § 1503(a) trial and the APA's deferential standards, without more, does not render § 1503(a) inadequate. *De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 999 n.5 (5th Cir. 2018) (unpublished). Rather, it is the extreme burden this distinction creates which renders § 1503(a) inadequate.

3

are final because they were not "tentative or interlocutory," *id.*, and Plaintiffs' legal rights in relation to citizenship status were determined in the process. Dkt. No. 2-1 at 87 (confirming denial of SV's COC application, stating, "you *may* appeal to the Administrative Appeals Office") (emphasis added); *id.* at 95 (letter to MDJV, "USCIS hereby provides notice that it has canceled [your COC] ... you are legally ordered to surrender your [COC]"); *id.* at 99 (same, MDPV); *id.* at 103 (same, AV); *id.* at 105 (same, MDCV); *id.* at 107 (same, RV).

Plaintiffs are also not required to exhaust administrative remedies because no rule or statute requires it. The regulations controlling appeal are permissive. 8 C.F.R. § 342.8; *id.* § 103.3(a). The Fifth Circuit has stated dicta that administrative appeals should be exhausted before an individual can bring a claim under 8 U.S.C § 1503(a). *See Gonzalez v. Limon*, 926 F.3d 186, 189 n. 7 (5th Cir. 2019); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007). Section 1503(a) is not an adequate remedy for Plaintiffs, and no statute or rule requires them to exhaust administrative remedies prior to seeking review under the APA.

### b. Plaintiffs May be Entitled Injunctive and Declaratory Relief

The APA "makes a clear waiver of sovereign immunity in actions to which it applies." *Estrada v. Ahrens*, 296 F.2d 690, 698 (5th Cir. 1961). "The form of proceeding for judicial review is… any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction." 5 U.S.C. § 703. The APA provides a waiver of sovereign immunity because it applies to Plaintiffs' claim, and Plaintiffs may be entitled to declaratory and injunctive relief if successful in their APA claim. *Id.*

### IV. CONCLUSION

The R&R (Dkt. No. 16) is **ADOPTED**. Defendants' MTD (Dkt. No. 10) is **DENIED**.

Signed on this 6th day of April, 2021.

Rolando Olvera
United States District Judge

4